GRASZ, Circuit Judge, dissenting.
 

 While the physical injury suffered by Ms. Kelsay is a serious and unfortunate event, the outcome here underscores a wider legal problem.
 

 Like the other dissenting judges, I believe any reasonable officer would have known his conduct in this case violated Ms. Kelsay's constitutional rights under existing case law. That is simply a disagreement with the majority on the application of precedent. Beyond this, however, I do take exception to the court's opinion in one important respect.
 

 At oral argument, the absence of judicial opinions in this circuit addressing the specific facts here, including the precise take-down maneuver used on Ms. Kelsay, was used to counter the arguments of her counsel. Yet, the court now declines to address whether the maneuver used on Ms. Kelsay violated her constitutional rights. Instead, the court relies solely on the second ("clearly established") prong of qualified immunity analysis. While this is allowed by governing precedent,
 
 Pearson v. Callahan
 
 ,
 
 555 U.S. 223
 
 , 236,
 
 129 S.Ct. 808
 
 ,
 
 172 L.Ed.2d 565
 
 (2009), it is, in my view, inappropriate in this case as it perpetuates the very state of affairs used to defeat Ms. Kelsay's attempt to assert her constitutional rights.
 
 See
 

 Zadeh v. Robinson
 
 ,
 
 928 F.3d 457
 
 , 479-80 (5th Cir. 2019) (Willet, J. concurring in part, dissenting in part) (" Section 1983 meets Catch-22."). The Supreme Court indicated in
 
 Pearson
 
 that the option for courts to skip to the second prong of analysis would not necessarily stunt the development of constitutional law.
 
 Pearson
 
 ,
 
 555 U.S. at 242
 
 ,
 
 129 S.Ct. 808
 
 . The court's opinion belies that expectation, at least in the context of excessive force claims.
 

 This situation has much broader implications than Ms. Kelsay's broken collar bone. In the context of violations of constitutional rights by state officials, application of
 
 Pearson
 
 in this manner imposes a judicially created exception to a federal statute that effectively prevents claimants from vindicating their constitutional rights. The law is never made clear enough to hold individual officials liable for constitutional violations involving excessive force as Congress authorized in
 
 42 U.S.C. § 1983
 
 . Importantly, while
 
 Pearson
 
 authorizes this analytical approach, it does not require it.
 

 There is a better way. We should exercise our discretion at every reasonable opportunity to address the constitutional violation prong of qualified immunity analysis, rather than defaulting to the "not clearly established" mantra, where, as here, such analysis is not an "academic exercise,"
 
 Pearson
 
 ,
 
 555 U.S. at 237
 
 ,
 
 129 S.Ct. 808
 
 , and where it is "difficult to decide whether a right is clearly established without deciding precisely what the existing constitutional right happens to be."
 

 Id.
 

 at 236
 
 ,
 
 129 S.Ct. 808
 
 (quoting
 
 Lyons v. Xenia
 
 ,
 
 417 F.3d 565
 
 , 581 (6th Cir. 2005) (Sutton, J., concurring)).
 

 While implementation of this approach may or may not have brought relief to Ms. Kelsay in this court, it would help ensure
 this sad situation is not repeated. The protection of civil rights and the preservation of the rule of law deserves no less.